

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# Purnomo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Purnomo v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1657.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1657

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5192

HENRY PURNOMO; LYDIA HARTONO,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A96-262-850 and A96-262-851
(U.S. Immigration Judge: Honorable Donald Vincent Ferlise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2007

Before: SCIRICA, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*

(Filed: February 7, 2007)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Henry Purnomo and Lydia Hartono, husband and wife, seek review of the Board

of Immigration Appeals' final order affirming the Immigration Judge's denial of their

applications for asylum, withholding of removal, and relief under the United Nations

Convention Against Torture. We do not have jurisdiction to review the Immigration Judge's denial of asylum because the Board found it was not timely filed. We have jurisdiction under 8 U.S.C. § 1252 to review the Board's order denying withholding of removal and relief under CAT, and on this basis we will deny the petition for review and affirm the Board's order.

## I.

Purnomo and Hartono are natives and citizens of Indonesia. They are Christian and ethnically Chinese. In Indonesia, petitioners contend they were harassed and attacked by native Muslim Indonesians. They allege that in 1995, a group of Indonesians robbed a jewelry store at which Purnomo worked and in 1998, a Muslim mob looted Purnomo's own fabric store and assaulted his parents, precipitating his father's fatal heart attack. Purnomo contends Muslims attacked his church in 1996, but did not cause him any physical injuries. Hartono contends she suffered an ethnically motivated assault when she was fourteen years old, and again in July 1998, but she was not physically injured during either incident.

Petitioners were admitted to the United States on August 18, 1999, as non-immigrants with authorization to remain until February 17, 2000. Purnomo filed his application for asylum, withholding of removal, and relief under CAT on March 12, 2003. On May 6, 2003, INS issued petitioners a Notice to Appear, which charged them with being removable for remaining in the United States beyond the date of authorization.

2

On December 11, 2003, Hartono filed her application for asylum, withholding of removal, and relief under CAT.

After a hearing on August 2, 2004, the IJ ordered petitioners removable from the United States. The IJ denied petitioners' applications on all grounds and found their asylum requests time-barred because "neither of the respondents have proved either changed circumstances materially affecting their eligibility for asylum or extraordinary circumstances which led up to their delay in filing for their asylum applications." The IJ found petitioners' testimony not credible. Purnomo testified Indonesian police refused to investigate the attack on his church, but the IJ concluded he did not "know whether or not the police conducted an investigation as to what had transpired in July of 1996." The IJ found "obvious discrepancies" between Hartono's testimony, her cross-examination responses, and her affidavit regarding her 1998 attack, among them whether the police came to her aid during the attack. Additionally, the IJ noted inconsistencies between Purnomo's affidavit and his testimony about Hartono's 1998 assault, concluding the Court "can only assume that it was the police that chased away the attackers and ended the female respondent's ordeal." Hartono admitted this on cross-examination. The IJ held "[t]here is absolutely no way [to] consider this to be a credible claim for withholding."

Petitioners filed a timely appeal and the Board of Immigration Appeals affirmed on November 7, 2005. The Board specifically found the application for asylum time-

3

barred and supported the IJ's adverse credibility determination.[1]  We denied petitioners'

Motion for Stay of Removal on December 22, 2005.  Petitioners timely petitioned for

review.

We generally only review final orders of the Board when the Board issues a

decision on the merits.  *See Li v. Attorney General*, 400 F.3d 157, 162 (3d Cir. 2005);

*Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir. 2001).  Where the Board adopts the

reasoning of the IJ with some discussion of the reasons for the IJ's decision, we also

review the order of the IJ.  *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

We use a substantial evidence standard to review factual findings, including credibility

determinations, 8 U.S.C. § 1252(b)(4)(B); *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d

Cir. 2003), and findings are upheld if a reasonable fact finder could reach a similar

conclusion based on the record.  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

## II.

## A.

A petitioner may apply for asylum if he can demonstrate "by clear and convincing

evidence that the application has been filed within 1 year after the date of the alien's

arrival in the United States," 8 U.S.C. § 1158(a)(2)(B), or he can show the existence of

either "changed circumstances which materially affect the applicant's eligibility for

asylum or extraordinary circumstances relating to the delay in filing . . . ."  8 U.S.C. §

---

[1] Both the IJ and the Board permitted voluntary departure.

4

1158(a)(2)(D).  But as provided in 8 U.S.C. § 1158(a)(3), no court has jurisdiction to review the Board's determination that an asylum application was untimely and not excused by changed or extraordinary circumstances.  *See Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006) ("[D]espite the changes of the REAL ID Act, 8 U.S.C. § 1158(a)(3) continues to divest the court of appeals of jurisdiction to review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse his untimely filing.").  Here, the IJ and the Board found petitioners' asylum claims untimely and not within either of the statutory exceptions.  We lack jurisdiction to review these claims.

**B.**

For the Attorney General to grant a withholding of removal order, an applicant must demonstrate by a "clear probability" that her life or freedom would be threatened in the proposed country of deportation.  8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 430 (1984).  An applicant for protection under the Convention Against Torture similarly has the burden to demonstrate "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).  We will reverse only if we find that the record "not only *supports* that conclusion, but *compels* it . . . ."  *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We will affirm if the IJ's decision is supported by substantial evidence.  *Id*.  To support both claims for relief, the applicant must provide credible testimony and evidence.  *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).  An adverse credibility finding must be

5

supported by discrepancies in an applicant's testimony that involve the "heart of the asylum claim." *Id.*

Here, the Board found no error in the IJ's conclusion that the applicants failed to provide credible testimony to support their claims. Central to petitioners' claims is their contention the police had not sufficiently protected ethnic Chinese Christians from violence in Indonesia, and would not do so in the future. But the Board agreed with the IJ's finding that discrepancies existed between both petitioners' testimony and their affidavits regarding police response to the attacks on Hartono. Additionally, the IJ found inconclusive testimony regarding the police investigation of the church attack.

Furthermore, we conclude substantial evidence supports the denial of petitioners' withholding of removal and CAT claims. It was not unreasonable for the IJ or the Board to conclude the incidents described by petitioners did not rise to a level of harm that constitutes either persecution or torture. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) ("[I]solated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution."). The IJ found "the male respondent's jewelry store and fabric store were vandalized by ethnic Indonesian during riotous situations that were going on at that time in Indonesia," but there was no evidence presented that the government refused to protect ethnic Chinese on the island of Java, where petitioners resided and worked, and neither petitioner suffered substantial injury during any of the incidents. The IJ found there was no evidence the Indonesian government persecutes

6

ethnic Chinese or Christians. The record does not compel finding the petitioners' lives would be threatened or they would be tortured if removed to Indonesia. Accordingly, they are not entitled to withholding of removal or relief under CAT. *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

### III.

For the foregoing reasons, we will deny the petition and affirm the order of the Board.